BARNES v. CAMPBELL & a.

In an action on the case, for a libel charging that the plaintiff is a thief, evidence that the plaintiff had a wife and child is competent on the question of damages.

In such an action, evidence that the defendants refused to publish a card expressing a belief in the plaintiff's innocence of the charge, except as an advertisement, is competent when the intent in the publication of the libellous article is put in issue.

CASE, for libel in the defendants' newspaper. The defence was, that the publication was on a lawful occasion, in good faith, and with probable cause for believing its truth.

Subject to the defendants' exception, the plaintiff was permitted to testify that he had a wife and child.

On the question of good faith, the plaintiff was permitted, on cross-examination of one of the defendants, to show that, a few days after the publication complained of, two citizens of Manchester, where the newspaper was published, requested the defendants to publish a card signed by them, expressing a belief in the plaintiff's innocence of the charge made, and that they refused to publish it except as a paid advertisement, and it was so published and paid for. The jury were instructed that the evidence must be strictly limited to the defendants' conduct as bearing on the question of their good faith in publishing the libel, and no part of it was to be considered as evidence of the plaintiff's good character.

The plaintiff had a verdict which the defendants moved to set aside.

*Morrison* and *Osgood*, for the defendants.

The fact that the plaintiff had a wife and child was not admissible. 2 Greenl. Evid., s. 420; 2 Stark. Slan. 66; *Chubb* v. *Gsell*, 34 Penn. St. 114; *Matthews* v. *Huntley*, 9 N. H. 146; *Severance* v. *Hilton*, 24 N. H. 147; *Dame* v. *Kenney*, 25 N. H. 318, 320; *Parkins* v. *Scott*, 1 Hurlst. & Colt. 152; *Gandy* v. *Humphries*, 35 Ala. 617.

*Sulloway, Topliff & O'Connor*, for the plaintiff.

STANLEY, J. The evidence that the plaintiff had a wife and child was competent on the question of damages. The plaintiff was entitled to compensation for mental suffering, and that suffering might be heightened, and his damages consequently increased, by the fact that his wife and child would suffer from the disgrace thrown upon him by the charge that he was a thief. *Fay* v. *Parker*, 53 N. H. 342, 366, 369, 372, 384; *Bixby* v. *Dunlap*, 56 N. H. 456, 462, 463; *Larned* v. *Buffinton*, 3 Mass. 546; *Bodwell* v. *Swan*, 3 Pick. 376; *Howe* v. *Perry*, 15 Pick. 506; *Tillotson* v. *Cheetham*, 3 Johns. 56; *Klumph* v. *Dunn*, 66 Penn. St. 141—*S. C.*, 5 Am. R. 356, 359; Towns. Lib. & Slan. 659; Field Dam. 553.

The evidence as to the publication of the card was properly received. The publication of the libellous matter was admitted, and under the pleadings the question of intent was material, and any evidence tending to show the intent of the defendants in the publication was relevant and competent. Whether the card was voluntarily published or not tended to show whether the intent of the defendants was faithfully to give the public the truth concerning the plaintiff. The charge was that he was a thief. The card tended to show that, from the acquaintance of the signers with him, the charge was unfounded, or, at least, that the signers so believed. The defendants were under no legal obligation to publish the card without pay, but their refusal to publish it gratuitously, to counteract, so far as it would, their gratuitously published charge of crime, tends to disprove their averment that, as publishers of a newspaper, they intended to give the public correct news about the plaintiff. 2 Greenl. Evid., s. 418, and notes; Towns. Lib. & Slan. 126; *Eaton* v. *Welton*, 32 N. H. 352; *Tucker* v. *Peaslee*, 36 N. H. 167.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.